UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE WILLIAMS,

    Plaintiff,                              Civil Action No. 2:12-CV-14295
v.                                        HONORABLE ARTHUR J. TARNOW
                                              UNITED STATES DISTRICT JUDGE

UNKNOWN JOHNS,

    Defendant,
_____/

**OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN**

Ronnie Williams, ("plaintiff"), presently confined at the Federal Correctional Institution in Milan, Michigan, has filed a civil rights complaint in this district against the defendant pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff claims that his constitutional rights were violated by the defendant while he was incarcerated at the Marquette Branch Prison in Marquette, Michigan. For the reasons stated below, the Court will transfer this matter to the Western District of Michigan for further proceedings.

**I. DISCUSSION**

In the present case, all of the actions complained of by plaintiff took place at the Marquette Branch Prison in Marquette, Michigan, which is located in the Northern Division of the Western District of Michigan. The defendant, an assistant resident unit manager at the Marquette Branch Prison, resides in the Western District of Michigan.

1

*Williams v. Johns,* 2:12-CV-14295

Venue is in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. *See United States v. P.J. Dick, Inc.,* 79 F. Supp. 2d 803, 805-06 (E.D. Mich. 2000)(Gadola, J.); 28 U.S.C. § 1404(a). Venue of a lawsuit may be transferred *sua sponte* for the convenience of parties or witnesses. *Sadighi v. Daghighfekr,* 36 F. Supp. 2d 267, 278 (D.S.C. 1999).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000)(Gadola, J.).

The Court concludes that both for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan. The primary factor in making the

*Williams v. Johns,* 2:12-CV-14295

determination to transfer venue is that all of the "operative facts" in this case took place at the Marquette Branch Prison, which is located in the Northern Division of the Western District of Michigan. *See Pierce v. Coughlin,* 806 F. Supp. 426, 428 (S.D.N.Y. 1992). The defendant also resides in this district. The witnesses and files necessary to prosecute plaintiff's claims are located in the Western District of Michigan. For this reason, transfer of this action to the Western District would be proper. *See Welch v. Kelly,* 882 F. Supp. 177, 180 (D.D.C. 1995). Venue for plaintiff's lawsuit against the defendant is not proper in the Eastern District of Michigan, because plaintiff has failed to allege that any of the acts, events, or omissions which form the basis of his lawsuit took place in the Eastern District of Michigan. *See Miles v. WTMX Radio,* 15 Fed. Appx. 213, 215 (6th Cir. 2001). The Court concludes that venue in this § 1983 lawsuit lies in the Western District of Michigan, where plaintiff alleges that the civil rights violations occurred.

## II. ORDER

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

                s/Arthur J. Tarnow
                **HON. ARTHUR J. TARNOW**
                UNITED STATES DISTRICT COURT

DATED: October 5, 2012